**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Samsung Electronics Co., Ltd. and Samsung
Electronics America, Inc.,

                    Plaintiffs,

          -against-

Microchip Technology Incorporated,

                    Defendant.

Case No. _____

Underlying Litigation:

*Polaris PowerLED Technologies, LLC v.
Samsung Electronics Co., Ltd., Samsung
Electronics America, Inc., and Samsung
Display Co., Ltd.*, No.  2:22-cv-00469-JRG
(E.D. Tex.)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL THIRD-
PARTY MICROCHIP TECHNOLOGY INCORPORATED**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................. ii

I.    INTRODUCTION ..................................................................................................... 1

II.   BACKGROUND ........................................................................................................ 1

III.  LEGAL STANDARD ............................................................................................... 8

IV.  ARGUMENT ............................................................................................................. 8

    A.   Samsung Seeks Discovery That is Relevant to Its Marking Defense in the E.D. Tex. Action ................................................................................................................... 8

    B.   Samsung Seeks Discovery That is Proportional to the Needs of the E.D. Tex. Action and Not Unduly Burdensome to Microchip ................................................................. 10

V.   CONCLUSION ....................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amphenol Corp. v. Fractus, S.A.*,
No. 19 MISC. 160 (PAE), 2019 WL 2521300 (S.D.N.Y. June 19, 2019)..............................11

*Arctic Cat Inc. v. Bombardier Rec. Prods.*,
950 F.3d 860 (Fed. Cir. 2020)...................................................................................................2

*Arctic Cat Inc. v. Bombardier Recreational Products Inc.*,
876 F.3d 1350 (Fed. Cir. 2017)................................................................................................9

*BLST Northstar, LLC v. Atalaya Capital Management LP*,
No. 24-MC-66 (GHW) (RWL), 2024 WL 2279195 (S.D.N.Y. Mar. 12, 2024).......................8

*Cohen v. Group Health Inc.*,
No. 22-MC-0200-PAE-KHP, 2022 WL 4534552 (S.D.N.Y. Sept. 28, 2022).........................8

## I.      INTRODUCTION

This action arises out of Microchip Technology Incorporated's ("Microchip") failure to adequately respond to a third-party subpoena served by Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung").  In an action filed in the Eastern District of Texas by Polaris PowerLED Technologies, LLC ("Polaris"), Samsung asserted a marking defense based on specific Microchip products that practice two patents Polaris asserts in that action—patents that Microchip previously owned and now licenses—but are not marked with the relevant patent numbers as required by 35 U.S.C. § 287.  Over four months ago, Samsung served a third-party subpoena on Microchip seeking, among other things, documents and testimony pertaining to the sales, marking, and technical operation of Microchip's LED driver and power delivery controller products.  For the past four months, Samsung has met and conferred with Microchip regarding the scope of its subpoena and has substantially narrowed its requests by identifying specific types of information and specific product models.  However, to date, Microchip has made no document productions relevant to any of its LED drivers and an incomplete production for only one of the requested power delivery controllers.  Microchip also refuses to provide a date for Samsung to take its deposition.

Due to Microchip's failure to adequately respond to Samsung's subpoena, Samsung now moves to compel.  Because Samsung seeks information relevant to its marking defense and has already narrowed its discovery requests to minimize any burden on Microchip, the Court should grant Samsung's Motion to Compel.

## II.     BACKGROUND

Polaris filed a Complaint against Samsung on December 12, 2022, in the Eastern District of Texas alleging that Samsung-branded electronics products infringe three patents—U.S. Patent

Nos. 7,259,521 ("'521 Patent"), 8,217,887 ("'887 Patent"), and 8,740,456 ("'456 Patent"). Ex. 1 (Polaris Complaint). In particular, Polaris alleges that Samsung-branded televisions and monitors infringe the '887 Patent and that Samsung-branded smartphones with the Wireless PowerShare feature infringe the '456 Patent. *Id.* Samsung answered on April 3, 2023, asserting the defense of "Limitations on Damages" and specifically alleging that "Polaris' right to seek damages, if any, is limited by Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 286, 287, and 288, at least because the owner and/or licensee(s) of the Asserted Patents failed to mark relevant products as required by 35 U.S.C. § 287 . . . ." Ex. 2 (Samsung's Answer to Polaris's Complaint) ¶ 118.

████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████

████████████████████████████████

███████████████████████████ In light of these documents, Samsung investigated whether it had a marking defense based on products manufactured and sold by Microchip within the damages period. Declaration of Laura Burson ("Burson Decl."), ¶ 5.

Samsung's investigation has identified multiple Microchip LED driver products that it believes were unmarked and practiced the '887 Patent as well as multiple Microchip power delivery controllers that it believes were unmarked and practiced the '456 Patent. Burson Decl., ¶ 5. On December 29, 2023, Samsung served a letter on Polaris pursuant to *Arctic Cat Inc. v. Bombardier Rec. Prods.*, 950 F.3d 860, 863 (Fed. Cir. 2020), identifying Microchip LED drivers

that it believes "are unmarked patented articles subject to the notice requirements of § 287." Ex. 6 (December 28, 2023 Burson Letter Regarding Marking); Burson Decl., ¶ 6.  Samsung then served a second letter on January 10, 2024, identifying Microchip power delivery controllers that it believes "are unmarked patented articles subject to the notice requirements of § 287." Ex. 7 (January 10, 2024 Burson Letter Regarding Marking); Burson Decl., ¶ 7.

Samsung continued to pursue its investigation into the Microchip LED drivers and power delivery controllers it identified in its letters by serving a document production and deposition subpoena on Microchip on January 26, 2024.  *See* Ex. 8 (Notice of Subpoena to Microchip); Burson Decl., ¶ 8.  Samsung's document subpoena to Microchip included, *inter alia*, the following topics:

**REQUEST NO. 3:**

All documents Relating to any product that embodies, is covered by, or Relates to the subject matter disclosed, described, or claimed in the '887 Patent, including, but not limited to, The Subject Atmel LED Drivers and The Subject Microchip LED Drivers.

**REQUEST NO. 4:**

All documents Relating to whether any product You or any predecessor-in-interest sold or offered for sale, including, but not limited to, The Subject Atmel LED Drivers and The Subject Microchip LED Drivers, practiced any claim of the '887 Patent.

**REQUEST NO. 5:**

All documents Relating to any product that embodies, is covered by, or Relates to the subject matter disclosed, described, or claimed in the '456 patent, including, but not limited to, The Subject Microchip USB-C Power Delivery Controllers, The Subject Microchip USB Port Power Controllers, The Subject Microchip USB 2.0 Hub Products, The Subject Microchip USB 2.0 Bridges and Combo Products, The Subject Microchip USB3.2 Gen1 Hub Products, and The Subject Microchip USB3.2 Gen2 Hub Products.

**REQUEST NO. 6:**

All documents Relating to whether any product You or any predecessor-in-interest sold or offered for sale, including, but not limited to, The Subject Microchip USB-C Power Delivery Controllers, The Subject Microchip USB Port Power Controllers, The Subject Microchip USB 2.0 Hub Products, The Subject Microchip USB 2.0 Bridges and Combo Products, The Subject Microchip USB3.2 Gen1 Hub Products, and The Subject Microchip USB3.2 Gen2 Hub Products, practiced any claim of the '456 Patent.

**REQUEST NO. 7:**

All documents Relating to patent marking of any product You or any predecessor-in-interest sold or offered for sale which practiced any claim of the Asserted Patents.

**REQUEST NO. 8:**

All documents Relating to patent marking of The Subject Atmel LED Drivers, The Subject Microchip LED Drivers, The Subject Microchip USB-C Power Delivery Controllers, The Subject Microchip USB Port Power Controllers, The Subject Microchip USB 2.0 Hub Products, The Subject Microchip USB 2.0 Bridges and Combo Products, The Subject Microchip USB3.2 Gen1 Hub Products, and The Subject Microchip USB3.2 Gen2 Hub Products.

**REQUEST NO. 10:**

All documents reflecting the date and amount of sales in the United States of The Subject Atmel LED Drivers, The Subject Microchip LED Drivers, The Subject Microchip USB-C Power Delivery Controllers, The Subject Microchip USB Port Power Controllers, The Subject Microchip USB 2.0 Hub Products, The Subject Microchip USB 2.0 Bridges and Combo Products, The Subject Microchip USB3.2 Gen1 Hub Products, and The Subject Microchip USB3.2 Gen2 Hub Products.

Ex. 8 at 12-14; Burson Decl., ¶ 9.  Samsung's deposition subpoena included, *inter alia*, the following topics:

**DEPOSITION TOPIC NO. 1:**

Documents and information responsive to this Subpoena.

**DEPOSITION TOPIC NO. 5:**

Documents Relating to any product that embodies, is covered by, or Relates to the subject matter disclosed, described, or claimed in the '887 patent, including, but

not limited to, The Subject Atmel LED Drivers and The Subject Microchip LED Drivers.

**DEPOSITION TOPIC NO. 6:**

Documents Relating to whether any product You or any predecessor-in-interest sold or offered for sale, including, but not limited to, The Subject Atmel LED Drivers and The Subject Microchip LED Drivers, practiced any claim of the '887 Patent.

**DEPOSITION TOPIC NO. 7:**

Documents Relating to any product that embodies, is covered by, or Relates to the subject matter disclosed, described, or claimed in the '456 Patent, including, but not limited to, The Subject Microchip USB-C Power Delivery Controllers, The Subject Microchip USB Port Power Controllers, The Subject Microchip USB 2.0 Hub Products, The Subject Microchip USB 2.0 Bridges and Combo Products, The Subject Microchip USB3.2 Gen1 Hub Products, and The Subject Microchip USB3.2 Gen2 Hub Products.

**DEPOSITION TOPIC NO. 8:**

Documents Relating to whether any product You or any predecessor-in-interest sold or offered for sale, including, but not limited to, The Subject Microchip USB-C Power Delivery Controllers, The Subject Microchip USB Port Power Controllers, The Subject Microchip USB 2.0 Hub Products, The Subject Microchip USB 2.0 Bridges and Combo Products, The Subject Microchip USB3.2 Gen1 Hub Products, and The Subject Microchip USB3.2 Gen2 Hub Products, practiced any claim of the '456 Patent.

**DEPOSITION TOPIC NO. 10:**

Documents Relating to patent marking of The Subject Atmel LED Drivers, The Subject Microchip LED Drivers, The Subject Microchip USB-C Power Delivery Controllers, The Subject Microchip USB Port Power Controllers, The Subject Microchip USB 2.0 Hub Products, The Subject Microchip USB 2.0 Bridges and Combo Products, The Subject Microchip USB3.2 Gen1 Hub Products, and The Subject Microchip USB3.2 Gen2 Hub Products.

**DEPOSITION TOPIC NO. 12:**

Documents reflecting the date and amount of sales in the United States of The Subject Atmel LED Drivers, The Subject Microchip LED Drivers, The Subject Microchip USB-C Power Delivery Controllers, The Subject Microchip USB Port Power Controllers, The Subject Microchip USB 2.0 Hub Products, The Subject Microchip USB 2.0 Bridges and Combo Products, The Subject Microchip USB3.2

-5-

Gen1 Hub Products, and The Subject Microchip USB3.2 Gen2 Hub Products.

**DEPOSITION TOPIC NO. 28:**

All facts and circumstances sufficient to authenticate the documents, communications, source code, and things You produced in response to this Subpoena.

*Id.* at 44-45; ; Burson Decl., ¶ 10.

Microchip initially responded to Samsung's subpoena on February 12, 2024, agreeing to produce documents responsive to Request for Production Nos. 7 and 8 and agreeing to meet and confer as to Requests for Production Nos. 3-6 and 10 and Deposition Topic Nos. 1, 5-8, 10, 12, and 28. Ex. 9 (Microchip's Objections and Responses to Document Subpoena); Ex. 10 (Microchip's Objections and Responses to Deposition Subpoena). Samsung then met and conferred with Microchip regarding the scope of the subpoenas. Burson Decl., ¶ 11. During that meet and confer, Microchip committed to search for documents responsive to the subpoena. *Id.* As a courtesy, Samsung agreed to take the deposition off calendar until after Microchip had searched for and collected documents. *Id.*

After months of waiting for Microchip to produce documents and in an attempt to secure production of some responsive documents, Samsung asked Microchip to focus its search on three specific sets of Microchip LED driver models—(1) MSL2164/MSL2166, (2) MSL30XX (MSL3040/41/50/60/80/86/87/88), and (3) MSL3162—and three specific models of Microchip power delivery controllers—(1) UCS1002, (2) UCS3205, and (3) UPD301A. Ex. 11 (Laura Burson April 30, 2024 Email to Valerie Barker); Burson Decl., ¶ 12.[1] But Microchip responded

---

[1] Samsung proposed this compromise with the understanding that Microchip has responsive documents relating to the requested products, as confirmed by the various product pages, datasheets, programmer's manuals, and application notes on Microchip's website. *See, e.g.,* https://www.microchip.com/en-us/product/ucs1002-1 (product webpage for UCS1002 showing its status as "In Production"); https://ww1.microchip.com/downloads/en/DeviceDoc/MSL2164-

nearly a month later stating that for the LED drivers, it "has not identified any responsive documents," and that it "is still searching for responsive documents for the requested power deliver controllers."  Ex. 12 (Valerie Barker May 29, 2024 Email to Laura Burson); Burson Decl., ¶ 13.  In light of this response, Samsung requested that Microchip search for and produce no later than June 4, 2024: (1) documents related to 15 additional LED drivers identified previously in Samsung's first notice letter pursuant to *Artic Cat*, and (2) documents reflecting sales data for the LED drivers and power delivery controllers identified in Samsung's notice letters pursuant to *Artic Cat*.  Ex. 13 (Laura Burson May 30, 2024 Email to Valerie Barker); Burson Decl., ¶ 14.  Samsung further requested that Microchip provide dates for a rescheduled deposition.  *Id.*; Burson Decl., ¶ 14.

        To date, Microchip has produced only a few documents relevant to only the UPD301A power delivery controller[2] and has informed Samsung that it would not search for technical documents for the identified LED drivers or other models of power delivery controllers or produce sales data for these products.  Ex. 14 (Valerie Barker June 4, 2024 Email to Laura Burson); Burson Decl., ¶ 15.  And Microchip continues to refuse to provide any dates for a rescheduled deposition.  Ex. 14; Burson Decl., ¶ 15.  Therefore, with fact discovery closing soon on June 18, 2024, Samsung now moves to compel Microchip to produce documents relevant to

---

MSL2166-brief2.pdf (datasheet brief for MSL2164/MSL2166); https://www.microchip.com/content/dam/mchp/documents/OTH/ApplicationNotes/ApplicationNotes/Atmel-MSL30xx-programmer-guide_application-note.pdf (programmer's guide for MSL3040/41/50/60/80/86/87/88); https://ww1.microchip.com/downloads/en/DeviceDoc/MSL3080_ds.pdf (datasheet for MSL3080); https://www.microchip.com/wwwproducts/en/msl2166 (datasheet for MSL 2166); and http://ww1.microchip.com/downloads/en/devicedoc/F1_MSL3162_DB.pdf (datasheet for MSL3162).
[2] Microchip's production for the UPD301A power delivery controller is deficient, Burson Decl. ¶ 16, and Samsung seeks a full production as to the UPD301A power delivery controller, including source code showing the operation of that power delivery controller.

the LED drivers and the power delivery controllers that are responsive to Requests for Production Nos. 3-8 and 10, and to compel Microchip to submit to a deposition as to Deposition Topic Nos. 1,5-8, 10, 12, and 28 that are seek testimony regarding the LED drivers and the power delivery controllers.

## III.    LEGAL STANDARD

"Federal Rule of Civil Procedure 45 permits a party to command a non-party to produce documents and provide deposition testimony." *Cohen v. Group Health Inc.*, No. 22-MC-0200-PAE-KHP, 2022 WL 4534552, at *2 (S.D.N.Y. Sept. 28, 2022) (citing Fed. R. Civ. P. 45(a)). "Motions to compel compliance with Rule 45 subpoenas are governed by the relevancy and proportionality guidelines of Rule 26." *BLST Northstar, LLC v. Atalaya Capital Management LP*, No. 24-MC-66 (GHW) (RWL), 2024 WL 2279195, at *3 (S.D.N.Y. Mar. 12, 2024). Thus, "[t]he party seeking discovery bears the initial burden of proving that the information and testimony sought in the subpoena are relevant and proportional to the needs of the case, and the burden then shifts to the party opposing discovery to show that the information sought is privileged or unduly burdensome." *Cohen*, 2022 WL 4534552, at *2. When evaluating undue burden, the court considers the relevance of the information sought, the party's need for the information, the breadth of the request, and the burden imposed. *Id.*

## IV.    ARGUMENT

### A.    Samsung Seeks Discovery That is Relevant to Its Marking Defense in the E.D. Tex. Action

Samsung seeks evidence relevant to its marking defense. This includes documents and testimony relating to the operation, sales, and marking of Microchip LED drivers that Samsung believes practice the '887 Patent and power delivery controllers that Samsung believes practice the '456 Patent. "Pursuant to 35 U.S.C. § 287(a), a patentee who makes or sells a patented

article must mark his articles or notify infringers of his patent in order to recover damages."

*Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, 876 F.3d 1350, 1365 (Fed. Cir. 2017).

In addition, "[a] patentee's licensees must also comply with § 287" by marking their patent-

practicing products. *Id.* at 1366. Thus, a patentee or its licensees' failure to mark a patent-

practicing product with the relevant patent number can limit the scope of recoverable damages in

a patent infringement case. *See id.* Therefore, the questions of whether Microchip's products

practiced the patents asserted against Samsung in the E.D. Tex. action and whether Microchip

sold those patent-practicing products in the U.S. have a direct impact on the scope of recoverable

damages in Polaris's case against Samsung.

   Samsung's subpoena seeks discovery relating to Microchip's LED driver and power

delivery controller products that are relevant to Samsung's marking defense in the E.D. Tex.

action. Specifically, Samsung provided Polaris with notice under *Artic Cat* that it believes that

Microchip's LED drivers, including the MSL2164/MSL2166, MSL30XX

(MSL3040/41/50/60/80/86/87/88), and MSL3162, are unmarked articles that practice the '887

Patent and that power delivery controllers, including the UCS1002, UCS3205, and UPD301A,

are unmarked articles that practice the '456 Patent. *See* Ex. 6 (December 29, 2023 Burson Letter

Regarding Marking); Ex. 7 (January 10, 2024 Burson Letter Regarding Marking). Accordingly,

under *Artic Cat*, whether these LED drivers and power delivery controllers (1) were sold in the

United States, (2) were marked with the '887 or '456 Patents, and (3) practiced either the '887 or

'456 Patents, is relevant to whether § 287 bars or limits Polaris's claim for damages against

Samsung in the E.D. Tex. action.

   Each document request and deposition topic that Samsung moves to compel on is

directed to marking-related issues. Specifically, Document Request No. 10 and Deposition

Topic No. 12 are directed to sales in the United States of the identified LED drivers and power controllers.  Document Request Nos. 7 and 8 and Deposition Topic No. 10 are directed to patent marking of the identified LED drivers and power controllers.  And Document Request Nos. 3-6 and Deposition Topic Nos. 5-8 are directed to the technical operation of the identified LED drivers and power controllers, which are relevant toward whether these products practice the patents at issue.  Finally, Deposition Topic Nos. 1 and 28 are directed to testimony regarding any responsive documents produced for the identified LED drivers and power controllers and authentication of those documents.  Accordingly, Samsung seeks information relevant to its marking defense raised in the E.D. Tex. action in Document Request Nos. 3-8 and 10 and in Deposition Topic Nos. 1, 5-8, 10, 12, and 28.

### B.    Samsung Seeks Discovery That is Proportional to the Needs of the E.D. Tex. Action and Not Unduly Burdensome to Microchip

Samsung seeks narrow discovery from Microchip only on information related to the marking defense in the E.D. Tex. action.  Indeed, in its correspondence with Microchip's counsel, Samsung identified a small set of specific LED driver and power delivery controller models that it believes are unmarked and practice the '887 or '456 Patents.  Ex. 11 (Laura Burson April 30, 2024 Email to Valerie Barker); Ex. 13 (Laura Burson May 30, 2024 Email to Valerie Barker).  Thus, Samsung seeks narrow discovery that is proportional to the needs of its defenses in the E.D. Tex. action.

Additionally, Samsung seeks discovery that is not unduly burdensome to Microchip. Indeed, Microchip agreed that it would search for documents responsive to Samsung's document requests.  *See* Ex. 12 (Valerie Barker May 29, 2024 Email to Laura Burson).  And because Samsung has narrowed the discovery it seeks to a small number of specific LED driver and power delivery controller models, Samsung's request for documents and a deposition does not

subject Microchip to unreasonable costs.  *Amphenol Corp. v. Fractus, S.A.*, No. 19 MISC. 160 (PAE), 2019 WL 2521300, at *10 (S.D.N.Y. June 19, 2019) ("The one subpoena at issue here[] . . . does not[] . . . subject Amphenol to unreasonable costs by requesting a deposition and discovery tightly focused on a limited number of newly-identified antennas.").  Thus, Samsung's narrowed requests for information related to the sales, marking, and operation of specific Microchip LED driver and power delivery controller models are not only proportional to the needs of the E.D. Tex. action but also are not unduly burdensome to Microchip.

## V.    CONCLUSION

Because Samsung seeks narrow discovery of Microchip related to specific LED drivers and power delivery controller models that are relevant to Samsung's marking defense in the E.D. Tex. action, the Court should grant Samsung's Motion to Compel and Order Microchip to produce documents responsive to Samsung's Document Request Nos. 3-8 and 10 and provide testimony responsive to Samsung's Deposition Topic Nos. 1, 5-8, 10, 12, and 28.

Dated:  New York, NY                     O'MELVENY & MYERS LLP
        June 12, 2024


                                         By: */s/ Marc J. Pensabene*
                                         _____

                                             Marc J. Pensabene
                                             mpensabene@omm.com

                                             1301 Avenue of the Americas
                                             Suite 1700
                                             New York, NY 10019-6022
                                             Ph: +1 212 326 2000
                                             Fx: +1 212 326 2061

                                             Ryan K. Yagura
                                             ryagura@omm.com
                                             Nicholas Whilt
                                             nwhilt@omm.com
                                             Laura Burson
                                             lburson@omm.com

                                             400 South Hope Street
                                             18th Floor
                                             Los Angeles, California  90071-2899
                                             Ph: +1 213 430 6000
                                             Fx: +1 213 430 6407

                                         Attorneys for Plaintiffs
                                         Samsung Electronics Co., Ltd. and Samsung
                                         Electronics America, Inc.