```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/23/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.,

         Plaintiffs,

-against-

Microchip Technology Inc.,

         Defendant.

1:24-mc-00269 (GHW) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

   Pending before the Court is a motion by Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung"), pursuant to Rule 45 of the Federal Rules of Civil Procedure, to compel non-party Microchip Technology Incorporated ("Microchip") to comply with Samsung's subpoenas to produce documents and to testify at a deposition, which subpoenas were issued in an action pending in the U.S. District Court for the Eastern District of Texas, entitled *Polaris PowerLED Technologies, LLC v. Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Display Co., Ltd.*, No. 2:22-CV-00469 (JRG) (the "Underlying Litigation"). (Not. of Mot. to Compel, ECF No. 1; Samsung 6/12/24 Mem., ECF Nos. 4 & 5; Burson 6/12/24 Decl., ECF Nos. 6 & 7.)[1]

   For the reasons set forth below, Samsung's motion to compel is GRANTED IN PART and DENIED IN PART.

---

[1] All record citations are to the ECF docket in the action pending in this Court unless otherwise noted. ECF Nos. 5 and 7 are under seal. Redacted versions of these documents are filed at ECF Nos. 4 and 6, respectively. Other documents referenced herein also were filed under seal. The Court separately will be deciding the pending motions to seal after further submissions required by the Order entered on August 21, 2024. (8/21/24 Order, ECF No. 58.)

## BACKGROUND

**I.    The Underlying Litigation**

The Underlying Litigation is a patent case in which Polaris PowerLED Technologies, LLC ("Polaris") alleges infringement by Samsung of U.S. Patent No. 7,259,521 (the "'521 Patent"), U.S. Patent No. 8,217,887 (the "'887 Patent") and U.S. Patent No. 8,740,456 (the "'456 Patent"). *See Polaris PowerLED Techs., LLC v. Samsung Elecs. Am., Inc.*, 2:22-CV-00469 (JRG), 2024 WL 3013293, at *1 (E.D. Tex. June 14, 2024). The '521 Patent and the '887 Patent relate to electronic displays. *Id*. (citations omitted). The '456 Patent relates "to a method for adjusting delivery of current in a connection based on temperature." *Id*. (citation omitted). Samsung asserts as a defense in the Underlying Litigation that the owner and/or licensees of the Patents failed to mark relevant products as required by 35 U.S.C. § 287[2] (the "Marking Defense"). (Samsung Ans., E.D. Tex. 2:22-CV-00469 ECF No. 31, ¶ 118.)

---

[2] Section 287 of Title 35 of the United States Code provides in relevant part:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or by fixing thereon the word "patent" or the abbreviation "pat." together with an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates the patented article with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

35 U.S.C. § 287(a).

II.     **Background Relevant To Motion To Compel**

After the Underlying Litigation was commenced, Samsung investigated whether it had a Marking Defense based on products manufactured and sold by Microchip within the damages period.[3] (Burson 6/12/24 Decl. ¶ 5.) Samsung's investigation revealed multiple Microchip LED driver products that Samsung had reason to believe were unmarked and practiced the '887 Patent, as well as multiple Microchip power delivery controllers that Samsung had reason to believe were unmarked and practiced the '456 Patent. (*Id*.) Samsung's beliefs were based upon publicly available information on Microchip's website and technical documents that Samsung reviewed. (8/21/24 Tr. at 3.)

On December 28, 2023, Samsung served a letter upon Microchip, pursuant to *Arctic Cat Inc. v. Bombardier Rec. Prods*., 950 F.3d 860, 863 (Fed. Cir. 2020), which identified Microchip LED drivers that Samsung believed were unmarked patented articles subject to the notice requirements of 35 U.S.C. § 287. (Ex. 6 to Burson 6/12/24 Decl., ECF No. 6-6, at PDF pp. 2-4.) On January 10, 2024, Samsung served a second letter upon Microchip which identified Microchip power delivery controllers that Samsung believed were unmarked patented articles subject to the notice requirements of 35 U.S.C. § 287. (Ex. 7 to Burson 6/12/24 Decl., ECF No. 6-7, at PDF pp. 2-4.)

On January 26, 2024, Samsung served Microchip with a document production subpoena and a deposition subpoena. (*See* Ex. 8 to Burson 6/12/24 Decl., Notice of

---

[3] The record reflects that Microchip has a financial stake in the outcome of the Underlying Litigation. (*See* Samsung 6/12/24 Mem., ECF Nos. 4 & 5, at 2; *see also* Microchip Sur-Reply, ECF Nos. 56 (under seal) & 57 (redacted), at 2; 8/21/24 Tr. at 17, 29.) The nature and extent of this financial stake is subject to certain pending motions to seal.

Subpoena, ECF No. 6-8.) Samsung's motion focused on the following items contained in its document subpoena:

> **REQUEST NO. 3:**
>
> All documents Relating to any product that embodies, is covered by, or Relates to the subject matter disclosed, described, or claimed in the '887 Patent, including, but not limited to, The Subject Atmel LED Drivers and The Subject Microchip LED Drivers.
>
> **REQUEST NO. 4:**
>
> All documents Relating to whether any product You or any predecessor-in-interest sold or offered for sale, including, but not limited to, The Subject Atmel LED Drivers and The Subject Microchip LED Drivers, practiced any claim of the '887 Patent.
>
> **REQUEST NO. 5:**
>
> All documents Relating to any product that embodies, is covered by, or Relates to the subject matter disclosed, described, or claimed in the '456 [P]atent, including, but not limited to, The Subject Microchip USB-C Power Delivery Controllers, The Subject Microchip USB Port Power Controllers, The Subject Microchip USB 2.0 Hub Products, The Subject Microchip USB 2.0 Bridges and Combo Products, The Subject Microchip USB3.2 Gen1 Hub Products, and The Subject Microchip USB3.2 Gen2 Hub Products.
>
> **REQUEST NO. 6:**
>
> All documents Relating to whether any product You or any predecessor-in-interest sold or offered for sale, including, but not limited to, The Subject Microchip USBC Power Delivery Controllers, The Subject Microchip USB Port Power Controllers, The Subject Microchip USB 2.0 Hub Products, The Subject Microchip USB 2.0 Bridges and Combo Products, The Subject Microchip USB3.2 Gen1 Hub Products, and The Subject Microchip USB3.2 Gen2 Hub Products, practiced any claim of the '456 Patent.
>
> **REQUEST NO. 7:**
>
> All documents Relating to patent marking of any product You or any predecessor-in-interest sold or offered for sale which practiced any claim of the Asserted Patents.

**REQUEST NO. 8:**

All documents Relating to patent marking of The Subject Atmel LED Drivers, The Subject Microchip LED Drivers, The Subject Microchip USB-C Power Delivery Controllers, The Subject Microchip USB Port Power Controllers, The Subject Microchip USB 2.0 Hub Products, The Subject Microchip USB 2.0 Bridges and Combo Products, The Subject Microchip USB3.2 Gen1 Hub Products, and The Subject Microchip USB3.2 Gen2 Hub Products.

**REQUEST NO. 10:**

All documents reflecting the date and amount of sales in the United States of The Subject Atmel LED Drivers, The Subject Microchip LED Drivers, The Subject Microchip USB-C Power Delivery Controllers, The Subject Microchip USB Port Power Controllers, The Subject Microchip USB 2.0 Hub Products, The Subject Microchip USB 2.0 Bridges and Combo Products, The Subject Microchip USB3.2 Gen1 Hub Products, and The Subject Microchip USB3.2 Gen2 Hub Products.

(*See* Samsung 6/12/24 Mem. at 3-4; Ex. 8 to Burson 6/12/24 Decl. at PDF pp. 13-15.)[4]

The deposition subpoena called for Microchip to produce a witness to testify on February 16, 2024.[5] (Ex. 8 to Burson 6/12/24 Decl. at PDF p. 41.) Samsung's motion focused on the following topics contained in its deposition subpoena:

**DEPOSITION TOPIC NO. 1:**

Documents and information responsive to this Subpoena.

**DEPOSITION TOPIC NO. 5:**

Documents Relating to any product that embodies, is covered by, or Relates to the subject matter disclosed, described, or claimed in the '887 patent,

---

[4] The Subject Atmel LCD Drivers and the Subject Microchip LED Drivers were defined to include 43 LED drivers, and the Subject Microchip USB-C Power Delivery Controllers and the Subject Microchip USB Port Power Controllers together were defined to include 17 power delivery controllers. (*See* Ex. 8 to Burson Decl. at PDF pp. 8-9.)

[5] The date for Microchip's deposition was taken off calendar until after Microchip had searched for and collected documents. (Burson 6/12/24 Decl. ¶ 11.)

5

including, but not limited to, The Subject Atmel LED Drivers and The Subject Microchip LED Drivers.

**DEPOSITION TOPIC NO. 6:**

Documents Relating to whether any product You or any predecessor-in-interest sold or offered for sale, including, but not limited to, The Subject Atmel LED Drivers and The Subject Microchip LED Drivers, practiced any claim of the '887 Patent.

**DEPOSITION TOPIC NO. 7:**

Documents Relating to any product that embodies, is covered by, or Relates to the subject matter disclosed, described, or claimed in the '456 Patent, including, but not limited to, The Subject Microchip USB-C Power Delivery Controllers, The Subject Microchip USB Port Power Controllers, The Subject Microchip USB 2.0 Hub Products, The Subject Microchip USB 2.0 Bridges and Combo Products, The Subject Microchip USB3.2 Gen1 Hub Products, and The Subject Microchip USB3.2 Gen2 Hub Products.

**DEPOSITION TOPIC NO. 8:**

Documents Relating to whether any product You or any predecessor-in-interest sold or offered for sale, including, but not limited to, The Subject Microchip USBC Power Delivery Controllers, The Subject Microchip USB Port Power Controllers, The Subject Microchip USB 2.0 Hub Products, The Subject Microchip USB 2.0 Bridges and Combo Products, The Subject Microchip USB3.2 Gen1 Hub Products, and The Subject Microchip USB3.2 Gen2 Hub Products, practiced any claim of the '456 Patent.

**DEPOSITION TOPIC NO. 10:**

Documents Relating to patent marking of The Subject Atmel LED Drivers, The Subject Microchip LED Drivers, The Subject Microchip USB-C Power Delivery Controllers, The Subject Microchip USB Port Power Controllers, The Subject Microchip USB 2.0 Hub Products, The Subject Microchip USB 2.0 Bridges and Combo Products, The Subject Microchip USB3.2 Gen1 Hub Products, and The Subject Microchip USB3.2 Gen2 Hub Products.

**DEPOSITION TOPIC NO. 12:**

Documents reflecting the date and amount of sales in the United States of The Subject Atmel LED Drivers, The Subject Microchip LED Drivers, The Subject Microchip USB-C Power Delivery Controllers, The Subject Microchip USB Port Power Controllers, The Subject Microchip USB 2.0 Hub Products, The Subject Microchip USB 2.0 Bridges and Combo Products, The Subject Microchip

      USB3.2 Gen1 Hub Products, and The Subject Microchip USB3.2 Gen2 Hub Products.

**<u>DEPOSITION TOPIC NO. 28:</u>**

      All facts and circumstances sufficient to authenticate the documents, communications, source code, and things You produced in response to this Subpoena.

(*See* Samsung 6/12/24 Mem. at 4-6; Ex. 8 to Burson 6/12/24 Decl. at PDF pp. 44-46, 48.)

On February 12, 2024, Microchip responded to the document and deposition subpoenas agreeing to produce documents responsive to Request Nos. 7 and 8 and agreeing to meet and confer as to Request Nos. 3 to 6 and 10 and deposition Topic Nos. 1, 5 to 8, 10, 12 and 28. (Microchip Objs. to Document Subpoena, ECF No. 6-9, at 10-15, 16-17; Microchip Objs. to Deposition Subpoena, ECF No. 6-10, at 8, 10-15, 18, 28-29.) On February 29, 2024, counsel for Samsung and Microchip conferred regarding the scope of Samsung's document subpoena. (Barker 7/19/24 Decl., ECF No. 27-2, ¶ 4; *see also* Burson 6/12/24 Decl. ¶ 11.) During the conference, Samsung's counsel asked Microchip to search for products that practiced the '887 Patent and the '456 Patent, and produce documents related to prior art and marking of practicing products. (Barker 7/19/24 Decl. ¶ 4.) Samsung's counsel also asked Microchip to search for licenses related to the '887 Patent and the '456 Patent. (*Id*.)

On March 21, 2024, counsel for Microchip sent an email to counsel for Samsung stating that Microchip had no records of any products that practice the '887 Patent or the '456 Patent, or any products that were marked with the patent numbers, and stating that Microchip had no records of any license agreements covering the '887 or '456 Patents. (Ex. 1 to Barker 7/19/24 Decl., ECF No. 27-3, at PDF p. 2.) On April 17, 2024, Samsung's counsel requested another conference regarding the document subpoena. (Barker 7/19/24 Decl. ¶ 6.) On April 19, 2024, the

parties conferred regarding the subpoena and Samsung stated that it would provide additional search requests. (*Id*.)

On April 30, 2024, Samsung's counsel sent an email to Microchip's counsel asking Microchip to focus its search on three specific groups of Microchip LED drivers — (1) MSL2164/MSL2166, (2) MSL30XX (MSL3040/41/50/60/80/86/87/88) and (3) MSL3162 — and three Microchip power delivery controllers — (1) UCS1002, (2) UCS3205 and (3) UPD301A. (Ex. 11 to Burson 6/12/24 Decl., ECF No. 6-11, at PDF p. 2.) Samsung sought the following documents and information for the LED drivers: documents and source code related to LED regulation current control and pulse width modulation ("PWM") dimming; documents and source code related to video frame rate, LCD panel refresh rate, timing signals, vertical synchronization ("VSYNC") and frequency multipliers; documents and source code related to calculation and adjustment of PWM pulse width; and documents and source code related to calculation and adjustment of PWM pulse amplitude. (*Id*.) Microchip agreed to perform a search for the requested documents. (Barker 7/19/24 Decl. ¶ 6.)

On May 29, 2024, Microchip's counsel sent an email to Samsung's counsel stating that it had not identified any responsive documents for the LED drivers and that it still was searching for responsive documents for the requested power delivery controllers. (Ex. 12 to Burson 6/12/24 Decl., ECF No. 6-12, at PDF p. 2.) On May 30, 2024, Samsung responded by email to Microchip and requested that Microchip search for and produce no later than June 4, 2024 two categories of documents: (1) documents related to 15 additional LED drivers identified previously

8

in Samsung's first notice letter pursuant to *Artic Cat*,[6] and (2) documents reflecting sales data for the LED drivers and power delivery controllers identified in Samsung's notice letters pursuant to *Arctic Cat*. (Ex. 13 to Burson 6/12/24 Decl. at PDF pp. 2-4.) Samsung also requested that Microchip provide dates for a rescheduled deposition. (*Id*. at PDF p. 4.)

On June 4, 2024, Microchip produced to Samsung documents related to the UPD301A power delivery controller. (Ex. 14 to Burson 6/12/24 Decl., ECF No. 6-14, at PDF p. 2.) Microchip notified Samsung that it still was searching for documents for the USC1002 and USC3205 power delivery controllers. (*Id*.) However, Microchip objected to Samsung's expanded request for technical documents and stated that it would not search for responsive documents for these products. (*Id*.) In addition, Microchip stated that it objected to all of Samsung's deposition topics, that it was willing to provide an affidavit regarding the authenticity of the documents in its production and that it did not believe that a deposition was necessary. (*Id*.) On June 11, 2024, Microchip produced to Samsung documents related to the USC1002 and USC3205 power delivery controllers and sales data related to the UPD301A, USC1002 and USC3205 power delivery controllers. (Barker 7/19/24 Decl. ¶ 8.)

On June 12, 2024, Samsung filed the motion to compel that presently is before the Court.[7] (*See* Not. of Mot. to Compel.) On June 14, 2024, Microchip was served with Samsung's motion to compel. (Barker 7/19/24 Decl. ¶ 9.) On July 1, 2024, Microchip produced additional documents

---

[6] These 15 drivers are as follows: MSL2021, MSL2023/MSL2024, MSL1061/MSL1064, MSL2041/MSL2042, MSL2160/MSL2161, MSL3082, MSL3085, MSL3163/MSL3164, MSL3167/MSL3168, MSL4163/MSL4164, MSLB9082, MSL3080, MIC3291, MIC3289 and HV9989. (Ex. 13 to Burson 6/12/24 Decl., ECF No. 6-13, at PDF p. 2.)

[7] Under the Sixth Amended Docket Control Order in the Underlying Action, the parties' deadline for filing motions to compel was June 18, 2024. (Samsung 8/16/24 Ltr., ECF No. 54, at 1.) Samsung timely filed its motion to compel prior to that deadline, and discussed with Polaris the proceeding in this Court. (*Id*.)

for the power delivery controllers and sales data related to the power delivery controllers and LED drivers identified in Samsung's counsel's April 30, 2024 email. (*Id*. ¶ 10.) Microchip also made source code for the UPD301A power delivery controller available for inspection. (*Id*.) In addition, Microchip informed Samsung that Microchip would make a witness available for a deposition so long as Samsung provided an updated list of topics for the deposition. (*Id*.)

On July 5, 2024, Microchip and Samsung conferred regarding Samsung's motion to compel. (Barker 7/19/24 Decl. ¶ 11.) During the conference, Samsung agreed to provide a revised list of deposition topics. (*Id*.) After the conference, on July 5, 2024, Samsung provided Microchip with a list of LED drivers for which it sought technical information and sales data that included the 15 drivers identified in Samsung's May 30, 2024 email,[8] plus three more LED drivers, *i.e.*, MIC3223, MIC3263 and HV9963. (Ex. 6 to Barker 7/19/24 Decl., ECF No. 27-8, at PDF pp. 2-3.)

On July 8, 2024, Microchip's counsel sent an email to Samsung's counsel noting that the list of LED driver products had been expanded and asking Samsung to confirm that this was the final list of LED drivers for which Samsung was seeking discovery. (Ex. 7 to Barker 7/19/24 Decl., ECF No. 27-9, at PDF p. 3.) Microchip also asked Samsung to confirm that, once Samsung had taken the deposition of Microchip and reviewed the source code that Microchip provided for the power delivery controllers, Samsung would not seek additional discovery related to the power delivery controllers. (*Id*.) Finally, Microchip wanted assurance that, should Microchip agree to do a second search beyond the list of products in Samsung's April 30, 2024 email, that would be the last search and that Samsung would not again expand the scope of its request. (*Id*.)

---

[8] *Compare* Ex. 13 to Burson Decl. at PDF p. 2 *with* Ex. 6 to Barker Decl. at PDF pp. 2-3.

10

On July 10, 2024, Microchip's counsel sent a follow-up email requesting Samsung's position on whether the list that had been provided was the final list of LED drivers and whether Samsung intended to seek additional discovery regarding the power delivery controllers. (Ex. 7 to Barker 7/19/24 Decl. at PDF pp. 2-3.) On July 10, 2024, Samsung's counsel responded by stating that Samsung agreed that this would be the last search for the categories of documents for the LED drivers it identified and that Samsung was not seeking any more documents relating to the power delivery controllers. (*Id*. at PDF p. 2.)

Thereafter, Microchip did not search for documents regarding any LED drivers beyond the three that had been identified by Samsung in its April 30, 2004 email. (*See* 8/21/24 Tr. at 20.) Instead, on July 19, 2024, Microchip filed its opposition to Samsung's motion to compel. (Microchip Opp. Mem., ECF No. 27.) In its opposition, Microchip stated that two aspects of Samsung's motion were moot – *i.e.*, that there were no deficiencies in Microchip's document production related to power delivery controllers and that Microchip had offered a witness for a deposition pending Samsung providing narrowed topics, which Samsung had agreed to provide. (*Id*. at 6-7.) In addition, Microchip stated that Samsung's expanded discovery requests for an additional 15 models of LED drivers were unduly burdensome. (*Id*. at 3-6.)

Microchip submitted a declaration from Jared Crop ("Crop"), who is a Director and Assistant General Counsel for Intellectual Property and Litigation, in opposition to the motion to compel. (Crop 7/18/24 Decl., ECF No. 27-1.) Crop stated that Christopher Mierzejewski ("Mierzejewski"), who was the prior in-house counsel for Microchip involved in responding to the document subpoena, had left the company on June 14, 2024 and that Crop did not have knowledge of all steps that Mierzejewski undertook during the searches for documents he

11

performed in response to Samsung's requests. (*Id*. ¶¶ 11-12.) Thus, in order for Crop to search for documents related to each of the 15 additional products would require him to start the search as if the previous two searches had not been performed.[9] (*Id*. ¶ 12.) In addition, Crop stated that most of the 15 products on Samsung's expanded list were old products and that some employees with knowledge of products that have reached end-of-life have left the company, thus complicating any search for documents. (*Id*. ¶ 9.) Crop also stated that each of the 15 products was a product developed by Atmel, Micrel or Supertex, which companies were acquired by Microchip more than eight years ago, and that it was more difficult to track down information for old products of an acquired company, particularly since a number of employees of Atmel, Micrel and Supertex left either before or after Microchip acquired them. (*Id*. ¶ 13.)

On July 29, 2024, Samsung filed its reply memorandum. (Samsung Reply, ECF No. 32.)[10] Samsung argued that it is not unduly burdensome for Microchip to respond to the document subpoena and that Microchip is not an ordinary third party since Microchip will receive direct compensation from any payment that Polaris receives from Samsung. (*Id*. at 1, 5-10.)

On August 1, 2024, the Court entered an Order directing the parties to file a letter to the ECF docket stating their respective positions as to whether this Court may, *sua sponte*, transfer the Samsung's motion to compel to the Eastern District of Texas, which was the Court from which the subpoenas were issued, pursuant to Fed. R. Civ. P. 45(f). (*See* 8/1/24 Order, ECF No. 36.) In

---

[9] The Crop Declaration addresses the 15 LED driver models identified in Samsung's May 30, 2024 email (*compare* Ex. 13 to Burson Decl. *with* Crop Decl. ¶ 8), and does not address the 3 additional models identified in Samsung's July 5, 2024 email that was sent after the motion to compel was filed. (*See* Ex. 6 to Barker Decl. at PDF p. 3.)

[10] ECF No. 32 is under seal. A redacted version is filed at ECF No. 34.

response, Samsung stated that it had no objection to the *sua sponte* transfer of its motion to the Eastern District of Texas (Samsung 8/7/24 Ltr., ECF No. 44), but Microchip requested that this Court decide the motion (Microchip 8/8/24 Ltr., ECF No. 46), and the Court declined to transfer.

On August 19, 2024, with leave of Court, Microchip filed a sur-reply memorandum. (*See* Microchip Sur-Reply; *see also* 8/15/24 Text Only Order, ECF No. 50.) In its sur-reply memorandum, Microchip argued, among other things, that its status as an interested third-party in the Underlying Litigation does not make a difference for purposes of Rule 45.[11] (*See id*. at 1-2.)

Oral argument was held on August 21, 2024. (*See* 8/21/24 Tr.)

## LEGAL STANDARDS

The Court first considers the legal standards to be applied to Samsung's motion to compel, and Microchip's opposition on the grounds of undue burden, which the Court construes as a motion to quash.

"Federal Rule of Civil Procedure 45 permits a party to command a non-party to produce documents and provide deposition testimony." *Cohen v. Grp. Health Inc*., No. 22-MC-00200 (KHP), 2022 WL 4534552, at *2 (S.D.N.Y. Sept. 28, 2022) (citing Fed. R. Civ. P. 45(a)). Rule 45 of the Federal Rules of Civil Procedure also provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv); *see also Pandora Jewelry, LLC v. Blue Time, Inc*., No. 22-MC-00238 (AT) (RWL), 2024 WL 2279197, at *3 (S.D.N.Y. Feb. 14, 2024) ("A subpoena may

---

[11] Microchip also argued in its sur-reply memorandum that Samsung was less than truthful with the Court regarding documents relating to the UCS1002 power delivery controller. (Microchip Sur-Reply at 2-4.) Based upon Samsung's explanation given at oral argument (*see* 8/21/24 Tr. at 8-9), as well as Microchip's failure to refute that explanation (*see id*. at 28), the Court disagrees. In any event, documents relating to the UCS1002 power delivery controller no longer are at issue on the pending motion.

be quashed (or motion to compel denied) because, among other grounds, it imposes undue burden[.]"). "Whether a subpoena imposes an undue burden depends on 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018) (quoting *Int'l Bus. Mach. Corp.*, 83 F.R.D. at 104).

"Motions to compel and motions to quash a subpoena are both 'entrusted to the sound discretion of the district court.'" *Fitch, Inc. v. UBS Painewebber, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (quoting *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000)). "In addition, '[t]he party seeking discovery bears the initial burden of proving the discovery is relevant, and then the party withholding discovery on the grounds of burden [or] expense . . . bears the burden of proving the discovery is in fact . . . unduly burdensome and/or expensive.'" *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MD-02542 (VSB) (SLC), 2020 WL 1940557, at *1 (S.D.N.Y. Apr. 22, 2020) (quoting *Citizens Union of New York v. Attorney Gen. of New York*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017)); *see also Cohen*, 2022 WL 4534552, at *2 ("The party seeking discovery [from a non-party under Rule 45] bears the initial burden of proving that the information and testimony sought in the subpoena are relevant and proportional to the needs of the case, and the burden then shifts to the party opposing discovery to show that the information sought is . . . unduly burdensome.").

## DISCUSSION

Samsung has limited its motion to seek only "responsive technical documents from a list of 18 LED drivers and their corresponding U.S. sales data in a limited time period (from December

2016 to December 2022)." (Samsung Reply at 1.) The Court, in its discretion, grants Samsung's motion insofar as it seeks to compel Microchip to produce the technical documents and information that Samsung sought[12] regarding the 15 LED drivers identified in Samsung's May 30, 2024 email (Ex. 13 to Burson Decl. at PDF p. 2), *i.e.*, LED drivers with model numbers MSL2021, MSL2023/MSL2024, MSL1061/MSL1064, MSL2041/MSL2042, MSL2160/MSL2161, MSL3082, MSL3085, MSL3163/MSL3164, MSL3167/MSL3168, MSL4163/MSL4164, MSLB9082, MSL3080, MIC3291, MIC3289 and HV9989 (the "Subject LED Drivers"), as well as their corresponding sales data.[13] Samsung met its initial burden to show that the documents and information sought are relevant to Samsung's Marking Defense.[14] The burden thus shifts to Microchip to show that the discovery is unduly burdensome.

Considering the relevant factors, *see Hughes*, 327 F.R.D. at 57, the Court finds that the production of the documents and information does not create an undue burden upon Microchip. First, as previously noted, the documents and information are relevant, and Microchip does not

---

[12] The documents and information sought are set forth in Samsung's April 30, 2024 email. They are: documents and source code related to LED regulation current control and PWM dimming; documents and source code related to video frame rate, LCD panel refresh rate, timing signals, VSYNC and frequency multipliers; documents and source code related to calculation and adjustment of PWM pulse width; and documents and source code related to calculation and adjustment of PWM pulse amplitude. (Ex. 11 to Burson Decl. at PDF p. 2.)

[13] The Court declines to order Microchip to produce documents and information for an additional three LED drivers identified by Samsung, *i.e.*, MIC3223, MIC3263 and HV9963, which were not expressly raised prior to the filing of the motion to compel on June 12, 2024, but were included in an email sent by Samsung to Microchip on July 5, 2024 (*see* Ex. 6 to Barker Decl.), after the motion to compel was filed. (*See* 8/21/24 Tr. at 6 (Samsung's counsel stating "[a]t this point, we would be happy to stick with the list of 15").)

[14] As Samsung noted during oral argument, the documents are "relevant . . . for the contention that Samsung has in the underlying action that [the identified] drivers . . . meet certain claim limitations of the [']887 patent, and so, therefore, these products should have been marked with the [']887 patent. . . . [T]here's no dispute in this case by Microchip or Polaris that these documents are relevant in the underlying action." (8/21/24 Tr. at 10.)

contend otherwise. Second, Samsung has established a need for the documents and information to establish the Marking Defense. (*See*, *e.g.*, 8/21/24 Tr. at 11 (Samsung "need[s] the underlying documentation that shows how the products operate.").) Third, the documents sought are not broad in scope. While it is true that Samsung initially had agreed to limit the scope of the technical documents and information sought to a list of three Microchip LED drivers, Samsung expanded the list to encompass 15 additional LED drivers, as Microchip acknowledges, "[a]s a result of" Microchip "not find[ing] any responsive documents for the [three] requested drivers." (Microchip Opp. Mem. at 3.) Moreover, the 18 LED drivers (*i.e.*, the three drivers initially sought plus the 15 Subject LED Drivers) for which Microchip will be required to produce responsive documents is fewer than the 43 drivers that had been included by Samsung in the document subpoena. (*See* Ex. 8 to Burson Decl. at PDF p. 8, ¶¶ 9-10.) Fourth, the time period covered (*i.e.*, from December 2016 to December 2022) is not overly broad. The Complaint in the Underlying Action was filed in December 2022 (Compl., E.D. Tex. 2:22-CV-00469 ECF No. 1), and the statute of limitations for patent infringement claims is six years. 35 U.S.C. § 286. Fifth, the documents sought have been described with particularity. Samsung is seeking technical documents from specific LED drivers, as well as corresponding sales data.

The sixth factor, *i.e.*, the burden imposed, is the one upon which Microchip principally relied to oppose Samsung's motion to compel. The turnover in the legal team at Microchip, and the greater "difficult[y]" confronted by Microchip "to track down information for old products of an acquired company" (*see* Crop 7/18/24 Decl. ¶¶ 10-13), do not, in the Court's view, create an undue burden on Microchip in the circumstances of this case. Mierzejewski, the in-house

attorney who left Microchip, now is working at a law firm in Austin, Texas,[15] and Microchip can contact him, as needed. (*See* 8/21/24 Tr. at 27.) Moreover, the mere assertion that tracking down information and documents will be more difficult is not enough to show that the burden is undue. *See Dominion Res. Servs., Inc. v. Alstom Power, Inc.*, No. 16-CV-00544 (JCH), 2017 WL 3575892, at *6 (D. Conn. Aug. 18, 2017) ("The mere assertion that a subpoena is burdensome, without evidence to prove the claim, cannot form the basis for an 'undue burden' finding.") (quotation omitted). Notably, Microchip does not contend that the requested production is likely to be voluminous or that the expense of production would impose an undue burden. *Cf. In re T-Sys. Scheiz AG*, No. 20-MC-00308 (GHW), 2020 WL 7384007, at *2 (S.D.N.Y. Dec. 16, 2020) (limiting scope of subpoenas and imposing partial cost-shifting after finding undue burden based on large number of documents and estimated cost of review and translation).[16] Accordingly, having carefully considered the record in this proceeding and the arguments of counsel, the Court finds in its discretion that Microchip has not met its burden to show that the document discovery sought by Samsung is unduly burdensome.

---

[15] It appears from the public record that Mierzejewski is employed at Bracewell LLP, https://perma.cc/6R7T-SFRJ.

[16] Nor did Microchip request cost-shifting. In any event, the Court notes that cost-shifting would not be warranted here since Microchip has an interest in the outcome of the litigation. *See US Bank Nat. Ass'n v. PHL Variable Ins. Co.*, No. 12-CV-06811 (CM) (JCF), 2012 WL 5395249, at *4 (S.D.N.Y. Nov. 5, 2012) (noting factors relevant to cost-shifting, including whether the nonparty has an interest in the outcome of the case).

With respect to the deposition of Microchip, the Court finds that, based upon principles of proportionality,[17] Microchip need only produce a witness to authenticate the documents that Microchip has produced and hereafter will produce in response to the document subpoena, as well as the relevant, publicly available Microchip documents identified by Samsung. Given the nature and source of the documents in question, the Court is satisfied that Samsung does not have a need for any other testimony from Microchip. The Court encourages the parties to seek agreement as to an affidavit or declaration authenticating the documents that will obviate the need for a deposition.

## CONCLUSION

For the foregoing reasons, Samsung's motion to compel is GRANTED IN PART and DENIED IN PART. It is hereby ORDERED that, no later than September 6, 2024, Microchip shall commence a rolling production for each of the Subject LED Drivers of the following:

1) Documents and source code related to LED regulation current control and PWM dimming;

2) Documents and source code related to video frame rate, LCD panel refresh rate, timing signals, VSYNC and frequency multipliers;

3) Documents and source code related to calculation and adjustment of PWM pulse width;

---

[17] "A Rule 45 subpoena—like all discovery—must fit within the scope of discovery permitted in a civil case." *Allstate Ins. Co. v. All Cnty., LLC*, No. 19-CV-07121 (WFK) (SJB), 2020 WL 5668956, at *1 (E.D.N.Y. Sept. 22, 2020)."That is, discovery is limited to 'any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.'" *Id*. (quoting Fed. R. Civ. P. 26(b)(1)).

    4)    Documents and source code related to calculation and adjustment of PWM pulse amplitude; and

    5)    Sales data for the period December 2016 through December 2022.

Microchip shall complete its production no later than September 20, 2024. The deposition of Microchip shall be held promptly thereafter limited to the issue of authenticating documents (as set forth above), unless the parties have reached agreement regarding an affidavit or declaration authenticating the documents.

**SO ORDERED.**

Dated:    New York, New York
            August 23, 2024

_____
**STEWART D. AARON**
**United States Magistrate Judge**