```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/12/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.,

        **Plaintiffs,**

-against-

Microchip Technology Inc.,

        **Defendant.**

1:24-mc-00269 (GHW) (SDA)

OPINION AND ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court are five motions to seal. (Samsung 6/12/24 Mot. to Seal, ECF No. 3; Samsung 7/29/24 Mot. to Seal, ECF No. 31; Samsung 8/12/24 Mot. to Seal, ECF No. 49, Samsung 8/16/24 Mot. to Seal, ECF No. 52; Microchip 8/19/24 Mot. to Seal, ECF No. 55.) For the reasons set forth below, these motions are GRANTED, with one caveat relating to a belated request to seal.

## BACKGROUND

This is a proceeding brought by Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") in which Samsung filed a motion to compel non-party Microchip Technology Incorporated ("Microchip") to comply with Samsung's subpoenas to produce documents and to testify at a deposition. These subpoenas were issued in an action pending in the U.S. District Court for the Eastern District of Texas, entitled *Polaris PowerLED Technologies, LLC v. Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Display Co., Ltd.*, No. 2:22-CV-00469 (JRG) (the "Underlying Litigation"). *Samsung Elecs. Co., Ltd. v. Microchip Tech. Inc.*, No. 1:24-MC-00269 (GHW) (SDA), 2024 WL 3907250, at *1

(S.D.N.Y. Aug. 23, 2024). On August 23, 2024, this Court granted Samsung's motion in part and denied it in part. *Id*. at *9.

During the course of briefing Samsung's motion to compel, Samsung and Microchip filed certain documents under seal, as well as motions to seal such documents, which are the motions currently pending before the Court. On August 21, 2024, following a conference with the parties, the Court entered an Order requiring the parties to file additional submissions in support of the motions to seal. (8/21/24 Order, ECF No. 58.) The parties filed those submissions on September 4 and 5, 2024. (Microchip 9/4/24 Letter, ECF No. 62; Samsung 9/5/24 Letter,[1] ECF No. 63.)

## LEGAL STANDARDS

"A three-step analysis governs whether a filing may be submitted under seal or with redactions." *Fairstein v. Netflix, Inc.*, No. 20-CV-08042 (PKC), 2023 WL 6164293, at *1 (S.D.N.Y. Sept. 21, 2023). "First, a court determines whether the filing is a 'judicial document;' second, it determines the weight of the presumption of access afforded to the document; and third, it identifies and weighs factors 'that legitimately counsel' against public access." *Id*. (quoting *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020)). "Judicial documents are materials that are 'relevant to the performance of the judicial function and useful in the judicial process.'" *Id*. (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (cleaned up)).

"Finding that a document is a 'judicial document' triggers a presumption of public access, and requires a court to make specific, rigorous findings before sealing the document or otherwise denying public access." *Fairstein*, 2023 WL 6164293, at *1 (quoting *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 167 n.15 (2d Cir. 2013)). However, the right of public access "is not

---

[1] Although Samsung's letter is dated September 4, 2024, it was filed to the ECF docket on September 5.

2

absolute[,]" *Lugosch*, 435 F.3d at 120 n.4, and courts "must balance competing considerations against" the presumption of access. *Id.* at 120; *see also Nixon v. Warner Commcns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").

"Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quotation omitted). A "party moving to place documents under seal 'bears the burden of showing that higher values overcome the presumption of public access.'" *Kewazinga Corp. v. Google LLC*, No. 20-CV-01106 (LGS), 2024 WL 3442428, at *1 (S.D.N.Y. July 17, 2024) (quoting *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017)). An example of a higher value is "the confidentiality of sensitive commercial information." *Id*. (cleaned up).

### DISCUSSION

In the present case, the parties primarily move to seal exhibits and related portions of their motion papers that are subject to a Protective Order in the Underlying Litigation.[2] In particular, Samsung's four motions to seal seek the following relief:

1) Samsung seeks to seal Exhibits 3 through 5 of the June 12, 2024 Declaration of Laura Burson ("Burson") (ECF Nos. 6-3 through 6-5) filed in support of Samsung's motion to compel, which are copies of business agreements and patent licensing agreements

---

[2] The Protective Order permits a party to designate as confidential "in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material[.]" (Samsung 9/5/24 Letter at 2; *see also* Protective Order, ECF No. 63-3.)

3

between Polaris PowerLED Technologies, LLC ("Polaris") and Microchip that Polaris designated as "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" in the Underlying Litigation. (Samsung 6/12/24 Mot. to Seal at 1-2.) Samsung also seeks to redact portions of its Memorandum of Law (ECF No. 4) and the June 12, 2024 Burson Declaration (ECF No. 6) which cite to or discuss those exhibits in a way that could reveal protected information. (Samsung 6/12/24 Mot. to Seal at 2.)

2) Samsung seeks to seal Exhibit G of the July 30, 2024 Burson Declaration (ECF No. 35-6) filed in support of Samsung's motion to compel, which contains deposition testimony related to business agreements that Polaris designated as "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" in the Underlying Litigation. (Samsung 7/29/24 Mot. to Seal at 1-2.) Samsung also seeks to redact portions of its Reply Memorandum (ECF No. 34) and the July 30, 2024 Burson Declaration (ECF No. 35) which discuss that exhibit. (Samsung 7/29/24 Mot. to Seal at 2.)

3) Samsung seeks to redact portions of its Letter Response to Microchip's Motion for Leave to File Sur-Reply (ECF No. 41), which contain information regarding business agreements between Polaris and Microchip that Polaris designated as "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" in the Underlying Litigation. (Samsung 8/12/24 Mot. to Seal at 1.)

4) Samsung seeks to seal Exhibit 2 to its August 16, 2024 Letter Response to the Court's August 15, 2024 Order (ECF No. 54-2), which contains, *inter alia*, confidential discussion of Samsung source code. (Samsung 8/16/24 Mot. to Seal at 1.)

In its single motion to seal, Microchip seeks to seal Exhibit 8 to its Sur-Reply (ECF No. 57-1), which contains confidential technical information related to products offered by Microchip, which information Polaris designated as "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" in the Underlying Litigation. (Microchip 8/19/24 Mot. to Seal at 1-2; *see also* Microchip 9/4/24 Letter, ECF No. 62.) Microchip also seeks to redact portions of its Sur-Reply (ECF No. 57) discussing that exhibit. (Microchip 8/19/24 Mot. to Seal at 1-2.)

All the documents at issue in the pending motions to seal were filed in connection with Samsung's motion to compel compliance with its subponeas in the Underlying Litigation and, thus, are judicial documents that "are subject to at least some presumption of public access." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) (documents submitted in connection with motion to compel testimony and to quash trial subpoenas were judicial documents subject to at least some presumption of public access). Many of the documents at issue are subject to a Protective Order in the Underlying Litigation. This, however, "does not necessarily mean that those documents meet the 'higher threshold imposed by the First Amendment with respect to judicial documents.'" *Kewazinga Corp. v. Microsoft Corp.*, No. 18-CV-04500 (GHW), 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (quoting *Newsday*, 730 F.3d at 166 (collecting cases)). Regardless, having carefully reviewed the documents and information that are the subject of the motions to seal, the Court finds that the proposed sealing requests are narrowly tailored to prevent unauthorized dissemination of confidential business information, as well as proprietary technical and trade secret information, the protection of which outweighs the public's right of access. *See, e.g., Fairstein*, 2023 WL 6164293, at *4 (granting request to seal "proprietary and confidential materials about business operations"); *Kewazinga Corp.*, 2021 WL 1222122, at *7

(granting in part motion to seal confidential technical information to extent redactions narrowly tailored).

* * *

Samsung, on behalf of Microchip, has made an additional request for sealing that was not raised in any of the pending motions to seal. Specifically, as part of its further submission in support of sealing, which was filed on September 5, 2024, Samsung on behalf of Microchip requested that the Court seal additional portions of Samsung's redacted Reply Memorandum (ECF No. 34), which redacted memorandum had been publicly filed by Samsung on July 29, 2024. (*See* Samsung 9/5/24 Letter at 2.) According to Samsung, "Microchip requested that Samsung apply additional redactions to the publicly-filed version of [Samsung's] Reply in Support of its Motion to Compel" based upon Microchip's "assert[ion] that Samsung's Redaction to its Reply in Support of its Motion to Compel, Dkt. 34, [did] not include redactions to certain information that [Microchip] asserts is its own confidential information and/or Polaris's confidential information." (*Id.*) At the time that Samsung filed its September 5, 2024 letter, Samsung requested that the Clerk's Office place ECF No. 34, the prior version of its redacted July 29, 2024 Reply Memorandum, under seal and Samsung filed a new redacted version at ECF No. 64.

The Court finds that the additional redactions made to Samsung's Reply Memorandum are not appropriate. The additional information that Microchip requested Samsung to file under seal was publicly available on the ECF docket for over a month, *i.e.*, from July 29 to September 5, 2024, and during that time Microchip made no effort to seal it.[3] "As the Second Circuit has noted,

---

[3] In any event, the additional information that Microchip requested be sealed from Samsung's Reply Memorandum relating to Microchip's financial stake in the Underlying Litigation was discussed by Microchip's counsel in open court on August 21, 2024. (8/21/24 Tr., ECF No. 60, at 17.) As such, that

6

the Court has no ability to make private that which has already become public." *Jin v. Choi*, No. 20-CV-09129 (MKV) (SDA), 2021 WL 3159808, at *1 (S.D.N.Y. June 17, 2021) (citing, *inter alia*, *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004)) (Once "[t]he genie is out of the bottle," a court does "not [have] the means to put the genie back.").

## CONCLUSION

For the foregoing reasons, the motions to compel filed at ECF Nos. 3, 31, 49, 52 and 55 are GRANTED and all the documents filed by the parties under seal shall remain under seal. However, Samsung's request to file additional redactions to its Reply Memorandum (*see* Samsung 9/5/24 Letter at 2) is DENIED and the Clerk of Court is respectfully requested to unseal the redacted Reply Memorandum filed at ECF No. 34.

**SO ORDERED.**

Dated:   New York, New York
         September 12, 2024

_____
STEWART D. AARON
United States Magistrate Judge

---

information should not be sealed. *See Miller v. City of Ithaca*, No. 10-CV-00597 (TJM), 2013 WL 12310675, at *1-2 (N.D.N.Y. Feb. 15, 2013) (denying request to seal portions of trial transcript because statements had been made in open court).